IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**FLOYD MASSEY,**

               **Plaintiff,**

**v.**                              Civil Action No. 3:20-cv-00971-HEH

**DYLAN BISHAW,**

**and**

**NEW PRIME, INC.,**

               **Defendants.**

## AMENDED COMPLAINT

Plaintiff, FLOYD MASSEY, by counsel, moves for judgment against defendants, DYLAN BISHAW (hereinafter "**Bishaw**"), and NEW PRIME, INC. (hereinafter "**New Prime**"), jointly and/or severally, on the grounds and in the amount set forth below:

1. This is a civil action between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; therefore, this Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a).

2. On or about May 18, 2018, plaintiff was operating a Freightliner vehicle and was parked in the parking lot of the Flying J Travel Center located at or near 23866 Rogers Clark Boulevard, in the County of Caroline, Virginia.

3. At that same time and place, defendant Bishaw was operating an International vehicle in the parking lot of the Flying J Travel Center located at or near 23866 Rogers Clark Boulevard, in the County of Caroline, Virginia.

4. At that same time and place, in the course of its business, defendant New Prime owned and/or used the International vehicle operated by defendant Bishaw.

5. At that same time and place, defendant Bishaw was acting as the agent, servant and employee of defendant New Prime and was then and there, and at all times material hereto, acting within the course and scope of his employment and/or agency with defendant New Prime.

6. At that same time and place, Billy Persall (hereinafter "**Persall**") was operating a Freightliner vehicle in the parking lot of the Flying J Travel Center located at or near 23866 Rogers Clark Boulevard, in the County of Caroline, Virginia.

7. At that same time and place, defendant Bishaw failed to keep his vehicle under proper control.

8. At that same time and place, defendant Bishaw failed to properly secure his vehicle and/or trailer.

9. At that same time and place, defendant Bishaw failed to exercise ordinary care.

10. At that same time and place, the International vehicle operated by defendant Bishaw collided and came into collision with the Freightliner vehicle operated by Persall, striking Persall's vehicle with great force and violence.

11. At that same time and place, the International vehicle operated by defendant Bishaw collided and came into collision with the Freightliner vehicle operated by plaintiff, striking plaintiff's vehicle with great force and violence.

12. At that same time and place, the Freightliner vehicle operated by Persall collided and came into collision with the Freightliner vehicle operated by plaintiff, striking plaintiff's vehicle with great force and violence.

13. At that same time and place, the International vehicle operated by defendant Bishaw caused or contributed to a collision with plaintiff's vehicle.

14. The defendant Bishaw owed a duty to plaintiff to exercise ordinary care to avoid injury to plaintiff. He breached that duty.

15. The defendant Bishaw owed a duty of care to plaintiff to operate the International vehicle in a safe and reasonable manner with reasonable care and with due regard for others using the road. He breached that duty.

16. The defendant, New Prime, by and through its agent and servant defendant Bishaw, owed a duty of care to plaintiff to operate the International vehicle in a safe and reasonable manner with reasonable care and with due regard for others using the road. It breached that duty.

17. The above-described collisions were directly and proximately caused by the carelessness, recklessness, and negligence of defendant Bishaw.

18. The above-described collisions were directly and proximately caused by the carelessness, recklessness, and negligence in the operation of the International vehicle by defendant Bishaw.

19. The above-described collisions were directly and proximately caused by the carelessness, recklessness, and negligence of defendant New Prime, acting by and through its agent, servant and/or employee defendant Bishaw.

20. The above-described collisions were directly and proximately caused by the carelessness, recklessness, and negligence in the operation of the International vehicle by defendant New Prime, by and through its agent, servant and/or employee defendant Bishaw.

21. As a direct and proximate result of the defendants' negligence, plaintiff was

caused to suffer severe injuries, has suffered and will suffer in the future pain of body and mind; has incurred and will incur in the future medical and related expenses; and has been deprived of earnings and earning capacity.

WHEREFORE, plaintiff demands judgment against defendants, jointly and/or severally, in the sum of TWO HUNDRED SEVENTY-FIVE THOUSAND AND NO/100 DOLLARS ($275,000.00), plus pre-judgment and post-judgment interest and costs and such other and further relief as this court deems just and proper.

Trial by jury is demanded.

FLOYD MASSEY

By:    /s/ *George W. Gray, III*
      George W. Gray, III, Esquire (VSB # 87578)
      Kerns & Kastenbaum, PLC
      4900 Radford Avenue
      Richmond, VA 23230
      Telephone: (804) 355-2580
      Facsimile: (804) 355-9297
      Email: george@kernskast.com
      *Counsel for Plaintiff Floyd Massey*